UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT OSUNA, | Case No. 1:19-cv-00412-JDP |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS |
| v. | |
| M. WADLE, *et al.*, | |
| Defendant. | ECF No. 2 |
| | OBJECTIONS DUE WITHIN 14 DAYS |
| | ORDER TO ASSIGN CASE TO DISTRICT JUDGE |

Plaintiff Gilbert Osuna is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On April 12, 2019, plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2.

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has had three or more actions dismissed as frivolous, as malicious, or

1

for failing to state a claim upon which relief maybe granted.[1]  Plaintiff has been informed in at least one other case that he is subject to § 1915(g).[2]

Plaintiff has not satisfied the imminent danger exception to § 1915(g).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053-55 (9th Cir. 2007).  Plaintiff alleges that correctional officers "maliciously beat [him] on [his] head and face and left [him] in a standing cage overnight without medical attention" in April 2017.  ECF No. 1 at 4-5.  Plaintiff's allegation is only about the past; he does not allege that he is currently at risk.

Accordingly, plaintiff's *in forma pauperis* application should be denied, and he should pay the filing fee in full, since he has accrued three or more strikes and was not under imminent danger of serious physical harm at the time this action was initiated.  *See* 28 U.S.C. § 1915(g).

**Order**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**Findings and Recommendation**

Based on the foregoing, it is hereby recommended that:

1. plaintiff's *in forma pauperis* application, ECF No. 2, be DENIED;
2. plaintiff be required to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations; and

---

[1] The cases include *Osuna v. M. Wadle, et al.*, No. 2:17-cv-05818-PA-JCG (C.D. Cal.) (dismissed on September 20, 2017 as frivolous or malicious on the grounds that it is a duplicative lawsuit); (2) *Osuna v. Manzanalez, et al.*, No. 1:18-cv-00719-LJO-SAB (E.D. Cal.) (dismissed on November 29, 2018 for failure to exhaust administrative remedies, following a screening order stating plaintiff's failure to exhaust administrative remedies was clear from the face of the operative complaint); (3) *Osuna v. M. Wadle, et al.*, No. 1:18-cv-00717-LJO-GSA (E.D. Cal.) (dismissed on February 8, 2019, following an order stating plaintiff's failure to exhaust administrative remedies was clear from the face of his complaint and plaintiff conceded that he had not exhausted prior to filing suit).  *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citation and internal quotation marks omitted); *El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (stating that a dismissal for failure to exhaust administrative remedies counts as a strike under § 1915(g) if the failure to exhaust is apparent from the face of the complaint).

[2] *See Osuna v. Manzanalez,* No. 1:19-cv-00419-BAM (E.D.Cal. 2019).

2

3. if plaintiff fails to pay the $400 filing fee in full within twenty-one days of adoption of these findings and recommendations, all pending motions be terminated and this action be dismissed without prejudice.

The undersigned submits the findings and recommendations to a district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __April 12, 2019__                 _____
UNITED STATES MAGISTRATE JUDGE

No. 203